# IN THE COURT OF APPEALS OF IOWA

No. 23-1496
Filed January 10, 2024

**IN THE INTEREST OF C.S.,**
**Minor Child,**

**R.S., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Gina L. Kramer of Kramer Law Office, PLLC, Dubuque, for appellant mother.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Victoria D. Noel of The Noel Law Firm, P.C., Clinton, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

A mother[1] appeals the termination of her parental rights to her child born in 2021.[2]  The mother does not challenge the statutory grounds for termination but suggests termination is not in the child's best interests and states that the closeness of the parent-child relationship "argues against termination."

The family came to the attention of the Iowa Department of Health and Human Services (HHS) because of the mother using methamphetamine and heroin while caring for the child.  After it was learned that the child was in the state of Missouri with the mother's mother, against an agreed safety plan, the child was removed by court order and placed with his paternal grandmother (the putative father's mother) in Iowa.  The child was adjudicated a child in need of assistance (CINA).  The mother made no progress throughout the case.  She did not address any of the case plan objectives, including substance-abuse and mental-health treatment.  The State petitioned to terminate parental rights.  The mother did not appear at the hearing.[3]  The juvenile court found:

> The parents did not cooperate with paternity testing, despite being given multiple opportunities to do so.  The parents have not cooperated with the case plan.  [The] caseworker[] testified the parents were recently living in a barn at [the paternal grandmother's] residence, but their current whereabouts are unknown.  The mother

---

[1] The mother was referred to as R.S. in the CINA proceedings.  She was referred to as R.H. in the termination petition and order.  On the appellate docket, the mother's Notice of Appeal, Combined Certificate, and Motion for Transcripts at State Expense refer to her as R.S.  The mother's Request for Transmission of Record and her Petition on Appeal refer to her as R.H.  The transfer from the Supreme Court to this court refers to the mother as R.S. To maintain consistency with what is currently in the appellate filing system, the caption of this opinion refers to the mother as R.S.

[2] The legal father's and the putative father's parental rights were also terminated. Neither appeals.

[3] The legal and putative fathers did not attend the hearing either.

> has had no recent contact with her attorney. The parents are not supporting the child financially and are not making an effort to bond with the child or maintain regular contact with the child. The paternal grandmother has made attempts to assist the mother and the putative father in complying with the case plan, but the parents are not willing to engage in services. No evidence was presented that the parents have a bond with this child.

The court further found that the child had been removed from the care of his parents for over one year and has thrived in the care of his grandmother, with whom he has a strong bond. The court also noted the parents failed to participate in services, to appear for court hearings, and to take any type of role in meeting the physical, mental, emotional, and financial needs of the child. The juvenile court found multiple statutory grounds for termination satisfied with respect to the mother, concluded termination of parental rights was in the best interests of the child, and declined to apply a permissive exception to termination. The mother's parental rights were terminated under Iowa Code sections 232.116(1)(b), (d), (e), (h), (i), and 232.117 (2023).

Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). Our paramount concern in termination proceedings is the best interests of the children. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019). Typically, our review follows a three-step process that involves determining whether a statutory ground for termination is satisfied, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *A.B.*, 957 N.W.2d at 294. But if a parent does not challenge any of the three steps, we need not address the unchallenged steps on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

On appeal, the mother does not challenge the statutory grounds for termination, so we do not address them on appeal. *See id.*

The mother disagrees with the juvenile court's conclusion that termination is in the child's best interests but does not say why she disagrees. We analyze the children's best interests under the framework described in section 232.116. *See In re A.H.B.,* 791 N.W.2d 687, 690-91 (Iowa 2010). That section requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.,* 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). The child has thrived in the care of his paternal grandparents. They have provided the child with all his physical, emotional, developmental, and educational needs. The child is strongly bonded to the grandparents and is healthy, happy, and well cared for in their care. The grandmother is committed to the long-term care of the child and would like to adopt him. Clear and convincing evidence shows termination of the mother's parental rights is in the child's best interests.

The mother suggests the closeness of the parent-child relationship "argues against termination." The closeness of a parent-child bond may serve as a permissive exception to termination. Iowa Code § 232.116(3)(c). But it is the mother's burden to establish a permissive exception. *In re A.S.,* 906 N.W.2d 467, 475-76 (Iowa 2018). We question whether this issue is preserved as the juvenile court's termination order does not make an explicit ruling on whether termination of the mother's rights should be precluded because of the strength of the parent-

child bond.[4]  *See In re R.P.*, No. 23-0419, 2023 WL 3612412, at *2 (Iowa Ct. App. May 24, 2023); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Still, we note application of this exception "requires clear and convincing evidence that 'termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.'"  *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (quoting Iowa Code § 232.116(3)(c)).  The mother did not appear at the hearing. The only person who testified at the hearing was the social worker.  As to a bond between the parents and the child, the social worker testified the child "knows who the parents are, but when he would fall or something would happen, he would always go to the grandmother or grandfather."  The guardian ad litem reported, "In the beginning of the case, [the grandmother] reported [the child] seem to recognize [the parents]. However, as the case has gone on and [the parents] have seen [the child] less and less, any bond that was present has deteriorated."  "Neither parent has been able to progress to extended interaction time with [the child] in order to develop or strengthen a bond."  And finally, "[The child] does not have a bond with [his parents]."  On appeal, the mother offers nothing to contradict this evidence, nor does she make an argument to support her assertion.  She has failed to meet her burden to establish the permissive parent-child bond exception.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

[4] Naturally there was no ruling on the issue because it was not raised before the juvenile court by any of the parents.